UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GREGORY CHAMBERS, JR. PLAINTIFF

V. CIVIL ACTION NO. 3:26-CV-192-DPJ-ASH

MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY, ET AL. DEFENDANTS

ORDER

Gregory Chambers, Jr. seeks relief under federal and state law against the Mississippi Department of Public Safety (MDPS), the City of Yazoo, Mississippi, and the City of Flora, Mississippi, for the significant injuries he allegedly suffered as a passenger in a car that crashed while being chased by the cities' police. Defendant MDPS filed a motion to dismiss [20] on July 17, 2026, but Plaintiff failed to respond. Because the defects in Chambers's claims against MDPS are not curable, the Court grants MDPS's motion.

I. Facts and Procedural History

Chambers says that on November 8, 2024, he was a lawful passenger in a "vehicle traveling through Flora . . . and later into Yazoo County," Mississippi, when Yazoo City and Flora officers "initiated a high-speed police pursuit of the vehicle." Am. Compl. [14] ¶¶ 7–8. While under pursuit, the vehicle carrying Chambers crashed. *Id.* ¶ 11. Chambers was severely injured, including a spinal-cord injury that caused quadriplegia. *Id.* ¶ 12.

Chambers sued MDPS, the City of Flora, and the City of Yazoo. He asserted Fourth Amendment and failure-to-train claims under 42 U.S.C. § 1983 and two tort claims under the Mississippi Tort Claims Act (MTCA). *Id.* ¶¶ 15–33. He seeks damages and a declaration that Defendants' actions "violated 42 U.S.C. § 1983." *Id.* at 6.

MDPS moved to dismiss on two grounds—sovereign immunity and failure to state a claim. Def.'s Mot. [20]; Def.'s Mem. [21] at 1. But Plaintiff failed to timely respond. As explained below, because the defects in Chambers's Complaint are incurable as to MDPS, the Court will rule on MDPS's motion to dismiss rather than expend further judicial resources to obtain briefing from Chambers.[1]

II. Standard of Review

"Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *Id.* at 287 (citing *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007)).

III. Analysis

MDPS says Chambers's claims should all be dismissed based on sovereign immunity under the Eleventh Amendment to the United States Constitution. Def.'s Mem. [21] at 3. "The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). This immunity also "extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Id.* And when it applies, Eleventh Amendment sovereign immunity "bears on [a] court's subject-matter

[1] The Court will address the City of Yazoo's motion to dismiss and the claims against the City of Flora in a separate order.

jurisdiction." *Raj v. La. State Univ.*, 714 F.3d 322, 329 (5th Cir. 2013) (quoting *Perez*, 307 F.3d at 333 n.8).

MDPS is an arm of the state. *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 273 (5th Cir. 2020) (determining MDPS "receive[s] arm-of-the-state recognition"). So, the question is whether it has waived immunity or Congress has expressly abrogated it. *Perez*, 307 F.3d at 326. Starting with Chambers's federal claims under § 1983, Mississippi Code section 11–46–5(4) states, "Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts . . . ." Thus, "MDPS has not specifically waived its immunity from suit in federal court, and Congress has not expressly waived sovereign immunity for § 1983 suits." *Corn*, 954 F.3d at 275 (quotation marks and citation omitted). The same is true for the state-law claims under the MTCA. *See Corn*, 954 F.3d at 274–75 (finding that MDPS is immune from MTCA claims in federal court); *see also McGarry v. Univ. of Miss. Med. Ctr.*, 355 F. App'x 853, 856 (5th Cir. 2009) (holding "the state of Mississippi expressly preserved its sovereign immunity to suit in federal court when it enacted the Mississippi Tort Claims Act").

Thus, the Eleventh Amendment bars Chambers's federal and state-law claims. *See, e.g.*, *Corn*, 954 F.3d at 274 (ruling that "section 1983 and MTCA claims" seeking injunctive and monetary relief against MDPS were barred by Eleventh Amendment immunity); *Hopkins v. Mississippi*, 634 F. Supp. 2d 709, 711–12 (S.D. Miss. 2009) (ruling the Eleventh Amendment barred Section 1983 and Mississippi tort-law claims brought against MDPS). Chambers's claims against MDPS must be dismissed, and inviting further amendment would be futile. There is

simply no way to plead around Eleventh Amendment immunity as to an arm of the state. *See Corn*, 954 F.3d at 274.[2]

Because the claims against MDPS are clearly barred by sovereign immunity, the Court grants its motion and need not consider MDPS' Rule 12(b)(6) arguments.

IV. Conclusion

The Court has considered all arguments. Those not discussed would not have altered the outcome. For the reasons stated above, the Court grants Defendant MDPS' Motion to Dismiss [20] and dismisses all claims against MDPS without prejudice.

**SO ORDERED AND ADJUDGED** this the 25th day of September, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

[2] The *Ex Parte Young* exception to Eleventh Amendment immunity allows federal—not state—claims "for prospective relief against state officials who are committing an ongoing federal violation." *Corn*, 954 F.3d at 274 (citing *Ex Parte Young*, 209 U.S. 123 (1908)). But Chambers is not seeking prospective relief. *See* Am. Compl. [14] at 6 (seeking declaration that "action of the Defendants violated" federal law (emphasis added)). And even if he amended to seek such relief, he sued MDPS, not a state official. So, *Ex Parte Young* is inapplicable as to MDPS, and the claim could not be asserted through an amendment against this Defendant. *See Holmes Cnty. Consol. Sch. Dist. v. Miss. Dep't of Educ.*, No. 3:21-CV-508-DPJ-FKB, 2022 WL 178832, at *2 (S.D. Miss. Jan. 19, 2022) (explaining that *Ex Parte Young* exception does not apply to "defendants [who] constitute arms of the state"); *id.* at *3 (ruling that backward-looking, past-tense declaratory relief was barred by the Eleventh Amendment).